UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN B. AFLATOUNI | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | Civil Action No. 4:16-cv-00632 |
| LIBERTY INSURANCE | § | |
| CORPORATION | § | |
| *Defendant* | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT & JURY DEMAND**

Plaintiff JONATHAN B. AFLATOUNI ("Aflatouni" or "Plaintiff") files this Original Complaint against Defendant LIBERTY INSURANCE CORPORATION ("Liberty") ("Defendant") and would respectfully show the following:

**Parties**

1. Mr. Aflatouni is a natural person residing in the State of Texas.

2. Upon information and belief, Liberty is a foreign fire and casualty insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Liberty regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Liberty may be served with process by serving **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

**Venue & Jurisdiction**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

1

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this actions concern real properties located in Denton and Tarrant Counties, Texas, and all or a substantial part of the events giving rise to the claims described herein occurred in Denton County. In particular, the insurance policies at issue and of which Plaintiff is a beneficiary was to be performed in Denton County and Tarrant County, Texas and the losses under the policies (including payments to be made to Plaintiff under the policy) were required to be made in Denton County, Texas.  Further, investigation, including communications to and from Defendant and Plaintiff (including telephone calls, mailings, and other communications to Plaintiff) occurred in Denton and Tarrant Counties, Texas.

## Factual Background

5.     On or before March 23, 2016, Plaintiff entered into a contract with Liberty whereby Liberty would provide property insurance for the residence at 8500 Doral Court, Flower Mound, Texas 75022 (the "Doral Property") in exchange for the timely payment of premiums under Policy No. H37-298-084496-70 (the "Doral Policy").  The Policy was sold by Liberty to Mr. Aflatouni as the insured under the Policy and provides coverage for the Property resulting from the hail storm.

6.     On or before March 23, 2016, Plaintiff entered into a contract with Liberty whereby Liberty would provide property insurance for the residence at 3405 Windsor Ct., Colleyville, Texas 76034 (the "Windsor Property") (collectively "Properties") in exchange for the timely payment of premiums under Policy No. H37-298-084497-70 (the "Windsor Policy") (collectively "Policies").  The Policy was sold by Liberty to Mr. Aflatouni as the insured under the Policy and provides coverage for the Property resulting from the hail storm.

2

7.    On or about March 23, 2016, the Properties were substantially damaged by a severe hail storm that struck Denton and Tarrant Counties.  As a result, the roofs of the Properties was substantially damaged.  Immediately upon discovering the damages, Plaintiff filed insurance claims under the Policies with Liberty for damages to the Properties caused by the hail storm.  Plaintiff asked that the cost of repairs be covered pursuant to the Policies.

8.    Liberty is the insurer on the properties. Liberty assigned adjusters, consultants, and agents to Plaintiff's files that were inadequate and improperly trained.  Specifically, Liberty assigned the claim to Douglas McKenzie as the adjuster with decision-making authority over Mr. Aflatouni's Doral Property claim.  McKenzie was charged with the responsibility of adjusting the claim and assessing damages under the Policy.  McKenzie was improperly trained for this type of claim.  McKenzie performed a haphazard inspection of the Doral Property on April 16, 2016 and prepared an estimate of damages to the structure which grossly undervalued and ignored obvious damages to the Doral Property.  Liberty relied on McKenzie's incomplete and inadequate investigation in making coverage decisions under the Doral Policy and deciding what amounts to pay.  McKenzie performed an unreasonable and inadequate investigation and ignored damages to the Doral Property.  Further, McKenzie failed to engage appropriate consultants to evaluate the damages.  McKenzie performed an incomplete investigation and, as a result, Mr. Aflatouni was not paid for all the damages under the Doral Policy.

9.    Liberty is the insurer on the properties. Liberty assigned adjusters, consultants, and agents to Plaintiff's files that were inadequate and improperly trained.  Specifically, Liberty assigned the claim to an unknown adjuster as the individual with decision-making authority over Mr. Aflatouni's Windsor Property claim.  The adjuster was

charged with the responsibility of adjusting the claim and assessing damages under the Policy. The adjuster was improperly trained for this type of claim. The adjuster performed a haphazard inspection of the Windsor Property. Liberty relied on the adjuster's incomplete and inadequate investigation in making coverage decisions under the Windsor Policy and deciding what amounts, if any, to pay. The adjuster performed an unreasonable and inadequate investigation and ignored damages to the Windsor Property. Further, the adjuster failed to engage appropriate consultants to evaluate the damages. The adjuster performed an incomplete investigation and, as a result, Mr. Aflatouni was not paid for all the damages under the Windsor Policy.

10.     McKenzie and the unknown adjuster conducted an unreasonable and inadequate investigation and refused to acknowledge obvious damage to the structure. They also grossly undervalued what damage they did accept. Liberty's coverage decisions relied on these adjusters' inadequate investigation and representations. Liberty and these adjusters represented to Mr. Aflatouni that certain damages were not covered under the Policies when in fact they were. On April 20, 2016, Defendant denied what was due and owed under the Doral Policy. To this day, Defendant have refused to pay the remaining amounts. Mr. Aflatouni has never received correspondence regarding the decision on the Windsor Property.

11.     Liberty and these adjusters denied and delayed Mr. Aflatouni's claims for damages. Furthermore, Defendant have underestimated damages during their investigation. Defendant have chosen to continue to deny and delay timely payment of the damages. As a result, Mr. Aflatouni has not been fully paid under the Policies provided by Liberty since the event.

12.     As a result of Defendant' acts and/or omissions, Mr. Aflatouni was required to retain an attorney to prosecute its claims for insurance benefits.

13.     Unfortunately, Defendant have delayed payment for Mr. Aflatouni's necessary and covered property repairs and damages under its own insurance policies. Given the repeated delays of payment, Mr. Aflatouni has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage.   In addition, Mr. Aflatouni has suffered financial harm and damage as a result of Defendant' denials and repeated delays.  The significant effect of Defendant' wrongful and unjustified delays, however, is still uncompensated.

### FIRST CAUSE OF ACTION---Violations of Texas Insurance Code

14.     Mr. Aflatouni re-alleges and incorporates each allegation contained in Paragraphs 1-13 of this Petition as if fully set forth herein.

15.     Liberty failed to attempt to effectuate a prompt, fair, and equitable settlement of a claims with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

16.     Liberty failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

17.     Liberty failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claims, in violation of Texas Insurance Code Section 541.060 (a)(3).

18.     Liberty refused to pay the claims without conducting a reasonable investigation with respect to the claims, in violation of Texas Insurance Code Section 541.060 (a)(7).

19.    Liberty misrepresented the insurance policies under which it affords property coverage to Mr. Aflatouni, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).  Liberty misrepresented the insurance policy to Mr. Aflatouni, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

20.    Liberty misrepresented the insurance policies under which it affords property coverage to Mr. Aflatouni by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).  Defendant misrepresented the insurance policies to Mr. Aflatouni by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

21.    Liberty misrepresented the insurance policies under which it affords property coverage to Mr. Aflatouni by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).  Defendant misrepresented the insurance policies to Mr. Aflatouni by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

22.    Liberty knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## SECOND CAUSE OF ACTION---Prompt Payment of Claim

23.     Mr. Aflatouni re-alleges and incorporates each allegation contained in Paragraphs 1-22 of this Petition as if fully set forth herein.

24.     Liberty failed to acknowledge receipt of the claims in violation of Texas Insurance Code Section 542.055 (a)(1).

25.     Liberty failed to timely commence investigation of the claims or to request from Mr. Aflatouni any additional items, statements or forms that Liberty reasonably believe to be required from Mr. Aflatouni in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

26.     Liberty failed to notify Mr. Aflatouni in writing of the acceptance or rejection of the claims not later than the 15th business day after receipt of all items, statements and forms required by Defendant in violation of Texas Insurance Code Section 542.056(a).

27.     Liberty delayed payment of Mr. Aflatouni's claims in violation of Texas Insurance Code Section 542.058(a).

## THIRD CAUSE OF ACTION---Statutory Interest

28.     Mr. Aflatouni re-alleges and incorporates each allegation contained in Paragraphs 1-27 of the Petition as if fully set forth herein.

29.     Mr. Aflatouni makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

## FOURTH CAUSE OF ACTION---Breach of Contract

30.     Mr. Aflatouni re-alleges and incorporates each allegation contained in Paragraphs 1-29 of the Petition as if fully set forth herein.

31.     Liberty breached its contracts with Mr. Aflatouni.  As a result of Liberty's breach, Mr. Aflatouni suffered legal damages.

**FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing**

32.     Mr. Aflatouni re-alleges and incorporates each allegation contained in Paragraphs 1-31 of the Petition as if fully set forth herein.

33.     Liberty, as the properties coverage insurer, had a duty to deal fairly and in good faith with Mr. Aflatouni in the processing of the claims.  Liberty breached this duty by refusing to properly investigate and effectively denying insurance benefits.  Liberty knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of Liberty's breach of these legal duties, Mr. Aflatouni suffered legal damages.

**SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith**

34.     Mr. Aflatouni re-alleges and incorporates each allegation contained in Paragraphs 1-33 of this Petition as if fully set for herein.

35.     Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Mr. Aflatouni's claims for benefits.  Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Mr. Aflatouni.

**SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA**

36.     Mr. Aflatouni re-alleges and incorporates each allegation contained in Paragraphs 1-35 of this Complaint as if fully set forth herein.

37.     The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices.  Defendant' violations of the Texas Insurance Code create a cause of action under the DTPA.  Defendant' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

## KNOWLEDGE

38.     Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Mr. Aflatouni's damages.

## RESULTING LEGAL DAMAGES

39.     Mr. Aflatouni is entitled to the actual damages resulting from the Defendant' violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on Mr. Aflatouni; lost credit reputation; and the other actual damages permitted by law.  In addition, Mr. Aflatouni is entitled to exemplary damages.

40.     As a result of Defendant' acts and/or omissions, Mr. Aflatouni has sustained damages in excess of the minimum jurisdictional limits of this Court.

41.     Mr. Aflatouni is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

42.     Defendant' knowing violations of the Texas Insurance Code and DTPA entitle Mr. Aflatouni to the attorneys' fees, treble damages, and other penalties provided by law.

43.     Mr. Aflatouni is entitled to statutory interest on the amount of his claims at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

44.     As a result of Defendant' acts and/or omissions, Mr. Aflatouni has sustained damages in excess of the jurisdictional limits of this Court.

45.     Mr. Aflatouni is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

46.     Mr. Aflatouni is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**RAIZNER SLANIA, LLP**

JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:  713.554.9098

10

**ATTORNEYS FOR PLAINTIFF**

**<u>JURY DEMAND</u>**

*Mr. Aflatouni hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____

**JEFFREY L. RAIZNER**